STATE OF NEBRASKA, APPELLEE, V. LATIF AL-HUSSAINI, APPELLANT.
579 N.W. 2d 561

Filed May 5, 1998.    No. A-97-1129.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HANNON, SIEVERS, and MUES, Judges.

MUES, Judge.

Latif Al-Hussaini was convicted of first degree sexual assault on a child, in violation of Neb. Rev. Stat. § 28-319 (Reissue 1995). He was sentenced to an indeterminate sentence of 4 to 6 years' imprisonment, with credit for 13 days spent in custody. The sole issue on appeal is whether or not the sentence imposed is excessive.

## BACKGROUND

Al-Hussaini is a native of Iraq who escaped from his country during the Gulf War and has lived in the United States since 1995. He speaks virtually no English. On November 9, 1996, Al-Hussaini, age 34, participated in an Islamic ceremony in which he was "married" to a 13-year-old girl. There is no dispute that the victim was given away in marriage by her father. After the ceremony, the victim was taken to her new home with Al-Hussaini where intercourse immediately took place. The victim stated she did not consent to intercourse with Al-Hussaini. The victim's sister, age 14, was also "married" on the same day to another Iraqi man.

According to Al-Hussaini, he had been engaged to the girl for a month, there was a large party and celebration on the marriage day, and the girl was happy and continued to be happy. He took her to school each day until November 15, 1996, when she did not return home, and Al-Hussaini was arrested. Al-Hussaini stated that he is not angry at the girl and feels that he did not do anything wrong, as arranged marriages with young girls are customary in his religion and native country. He plans to divorce her in accordance with the Islamic religion.

Al-Hussaini has consistently claimed that his actions are legal and proper under Islamic law and that he had no idea that his actions violated the law in this country. He stated that he now understands that the marriage was not legal in the United States.

Al-Hussaini was charged with first degree sexual assault on a child, a Class II felony. § 28-319(2). He was charged with sexually penetrating a female less than 16 years of age between November 9 and November 15, 1996. On July 25, 1997, he pled guilty to the charge.

On September 23, 1997, Al-Hussaini was sentenced to an indeterminate sentence of 4 to 6 years' imprisonment, with credit for 13 days served. He timely appealed his sentence to this court.

## ASSIGNMENT OF ERROR

Al-Hussaini alleges as his sole assigned error that his sentence is excessive.

## STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Thomas*, 6 Neb. App. 510, 574 N.W.2d 542 (1998). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

## ANALYSIS

Neb. Rev. Stat. § 28-105(1) (Reissue 1995) provides that the maximum penalty for a violation of a Class II felony is 50 years' imprisonment. Because Al-Hussaini's sentence is within the statutory limits, he must show an abuse of discretion, i.e., that the sentencing court's reasons or rulings are clearly untenable and deprive him of a substantial right and a just result.

Al-Hussaini argues that the sentencing court abused its discretion in denying him probation because probation is preferred to a sentence of incarceration. We note that Al-Hussaini's prior record is of little consequence.

The State points out that while Al-Hussaini attempts to lessen his culpability by claiming that the acts were sanctioned by his religion, there is evidence in the presentence investigation report that such a marriage would not be universally accepted in Iraq and, in fact, was highly unusual and would be considered wrong in the majority of Iraqi communities.

We recognize that this is an unusual situation. To some degree, Al-Hussaini is a victim of laws with which he has little, if any, familiarity and which are, according to him, vastly different from the customs and laws of his native country. But, as the district court observed when it imposed sentence, there is really only one victim of this crime and that is the 13-year-old

child with whom Al-Hussaini had sexual intercourse without her consent. The district court observed that putting Al-Hussaini on probation would depreciate the seriousness of the offense, promote disrespect for the law, and minimize the substantial harm the victim has suffered.

## CONCLUSION

The sentence imposed on Al-Hussaini is well within statutory limits. In view of the seriousness of the offense, we conclude that the district court did not abuse its discretion in sentencing Al-Hussaini, and its judgment is therefore affirmed.

AFFIRMED.